Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Affirmed.[1] See Local Rule 21.[2]

**Herman Boyd SMITH, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71–1645**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1971.

**Charles C. SCOTT and Adeline E. Scott, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 71–1190.**

United States Court of Appeals,
Eighth Circuit.

Nov. 3, 1971.

---

Elwyn L. Cady, Jr., Independence, Mo., on brief for plaintiffs-appellants.

Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Meyer Rothwacks, Daniel B. Rosenbaum, and Virgina M. Hopkinson, Attys., Dept. of Justice, Washington, D. C., and Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., on brief for defendant-appellee.

Before VAN OOSTERHOUT, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

This matter came before us pursuant to our Rule 6 relating to docket control. It involves a suit for refund of federal income taxes paid in the tax years 1964 and 1965. The taxpayers filed their complaint against the District Director of Internal Revenue, St. Louis, Missouri, in the United States District Court for the Eastern District of Missouri. The complaint did not state the judicial district in which the taxpayers reside. The United States moved to substitute the United States for the District Director. At the same time, it moved to dismiss the taxpayers' complaint for improper venue or, in the alternative, to transfer the case to the proper district. Attached to the second motion was an affidavit alleging that the taxpayers were residents of California. The District Court entered an order granting the motion to substitute parties. It also entered an order dismissing the cause without prejudice to the taxpayers' right to amend the complaint within ten days to state the judicial district in which they reside, and providing for transfer if such district is one other than the Eastern District of Missouri. The taxpayers failed to so amend the complaint and the court entered an order dismissing the case without prejudice. This appeal followed.

We find the appeal to be without merit and frivolous. The District Court acted properly in dismissing the cause without prejudice. It is clear that suits for refund of income taxes may be filed only against the United States and that venue must be laid in the judicial district in which the individual bringing the action resides. See, 26 U.S.C. § 7422(f) as amended by Act of November 2, 1966, P.L. 89–713, § 3(a), 80 Stat. 1107; S.Rep. No. 1625, 89th Cong., 2d Sess., pp. 6–7 (1966–2 Cum.Bull. 803, 807–808).

We, therefore, dismiss the appeal and affirm the decision of the District Court in accordance with our Rule 9.