**Valerie J. NOONIS (aka Valerie J. Mc Adams), Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 81–0479–T(M).

United States District Court,
S. D. California.

May 13, 1982.

John K. Spencer, Jr., Sausalito, Cal., Muns, Mehalick & Lynn, San Diego, Cal., for plaintiff.

Allan B. Goldstein, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

ORDER

TURRENTINE, Chief Judge.

This matter comes before the court upon plaintiff's motion for leave to amend her complaint to permit venue in the Southern District of California or, in the alternative, to transfer venue to the Western District of Texas. The court denies the motion insofar as it seeks to amend the complaint and grants leave to transfer the action to the Western District of Texas.

The original complaint alleged six causes of action. The first three counts were dismissed for lack of subject matter jurisdiction in an Order dated December 11, 1981. Counts Four and Five asserted claims for refund of taxes in the years 1970 to 1974. Count Six involved a claim for attorney's fees. Jurisdiction for Counts Four and Five was based on 28 U.S.C. § 1346 (1976).

At the time the complaint was filed, the plaintiff was a resident of the Western District of Texas. In the Order of December 11, 1981, the court found that venue was improper under 28 U.S.C. § 1402(a) (1976) since such actions must be brought in the district where the plaintiff resides. The court allowed the plaintiff forty-five days to bring a motion to transfer the action to the proper district, the Western District of Texas.

The present motion seeks to amend the complaint to substitute 28 U.S.C. § 1340 (1976) for 28 U.S.C. § 1346 (1976) as the jurisdictional basis for Counts Four and Five of the complaint. If such an amendment is permitted, venue would be proper in the Southern District of California as the district in which the cause of action arose. 28 U.S.C. § 1391(e) (1976).

Section 1340 of Title 28 of the United States Code provides that the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue. . . ." Actions for tax refunds were brought under this section through the fiction of a suit against the collection officers, not the United States. *Flora v. United States*, 357 U.S. 63, 67, 78 S.Ct. 1079, 1082, 2 L.Ed.2d 1165 (1958). Such actions were once an alternative to suits under 28 U.S.C. § 1346 (1976). However, in reorganizing the Internal Revenue Service Congress abolished tax refund suits against collection officers. Act of November 2, 1966, P.L. 89–713, §. 3(a), 80 Stat. 1107 (1966). Congress provided that tax refund actions may only be brought against the United States, with venue proper only in the district in which the individual bring-

ing the action resides. 26 U.S.C. § 7422(f)(1) (1976); *H.R.Rep.No.* 1915, 89th Cong.2d Sess., 5–6 (1966); *S.Rep.No.* 1625, 89th Cong.2d Sess., 6–7 (1966), U.S.Code Cong. & Admin.News 1966, p. 3676. *See also, Scott v. United States,* 449 F.2d 1291 (8th Cir. 1971).

Thus, tax refund actions may only be maintained against the United States. 26 U.S.C. § 7422(f)(1) (1976). Jurisdiction over such actions is provided by 28 U.S.C. § 1346 (1976) and venue is governed by 28 U.S.C. § 1402(a) (1976). Venue is proper only in the judicial district in which the individual bringing the action resides. The venue provisions of 28 U.S.C. § 1391 (1976) do not apply to tax refund actions brought by individual taxpayers. The requested amendment would not make venue proper in the Southern District of California.

Accordingly, IT IS ORDERED that the plaintiff's motion to amend her complaint should be and hereby is denied.

IT IS FURTHER ORDERED, that plaintiff's motion in the alternative to transfer venue to the Western District of Texas should be and hereby is granted.